UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SINNETT ET AL.**                                           Civil Action

**VERSUS**                                                   No. 09-5631

**HILTON RIVERSIDE LLC ET AL.**                              Section: J(3)

ORDER AND REASONS

Before the Court are Third-Party Defendants and Defendants Stallings Construction Company, Inc., Stuart Contracting Company, Inc., and Stallings-Stuart, A Joint Venture's (collectively "Stallings") **Motion for Summary Judgment (Rec. Doc. 94)**, Third-Party Plaintiffs, International Rivercenter Lessee, LLC and Hilton Management, LLC's (collectively "Hilton") **Opposition (Rec. Doc. 104)**, Plaintiffs Karen and Harold Sinnett's **Opposition (Rec. Doc. 109)**, and Stallings' two **Replies in Support (Rec. Docs. 113 and 114)**.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of an accident that occurred on July 4, 2008[1] when Plaintiff Karen Sinnett, a guest at the Hilton Hotel, fell when attempting to use a handicap seat in the shower of her room. Plaintiffs filed suit on June 25, 2009 in Civil District Court of Orleans Parish against Hilton Riverside, LLC. Hilton removed this matter to this Court on August 14, 2009.

On December 8, 2009, Hilton filed its Third-Party Demand against Stallings, seeking defense and indemnification on the basis of an October 2000 Agreement for Lump Sum Construction Services between Stallings-Stuart and Hilton Hotels

---

[1] Plaintiffs' Complaint lists the date of injury as July 4, 2008, and the Guest Accident Report lists the date as July 5, 2008.

Corporation to perform certain construction services which included renovations of bathrooms and installation of the shower seat at issue in these proceedings. Hilton had filed a motion for leave to file this demand on November 9, 2009.

Stallings and Stuart formed Stallings-Stuart, A Joint Venture for the purpose of performing construction work for Hilton, which was completed at the latest on November 19, 2003.

## PARTIES' ARGUMENTS

Stallings seeks summary judgment on the grounds that Louisiana Revised Statute 9:2772 provides a five-year peremptive period for all claims against contractors, including Third-Party Defendants, unless the exception contained in 9:2772(C) applies. That exception allows actions to be brought one year after the date of injury if the injury occurred during the fifth year.

According to Stallings, because Plaintiffs' injury occurred on July 4, 2008, claims against the Third-Party Defendants must have been filed no later than July 4, 2009. Because Hilton filed its claims for indemnification and defense against Stallings on December 8, 2009, they are extinguished as a matter of law under 9:2772. Likewise, Stallings argues that Plaintiffs' claims against Stallings fail because Plaintiffs first named the Stallings entities as direct defendants in their First Supplemental Complaint filed on January 12, 2011.

Stallings avers that the current version of the statute should apply, which became effective on August 15, 2003. Prior to August 15, 2003, the statute provided for a seven-year peremptive period. Stallings argues that courts addressing the issue of which version of the statute applies look to the date the cause of action accrues. Because

Plaintiffs' cause of action accrued on the date of the injury–July 4, 2008, Stallings insists that the 2003 version (containing the five-year peremptive period) of the statute should apply. Additionally, the Stallings entities explain that although they performed the construction work at issue prior to the 2003 amendment to 9:2772, Louisiana courts have held that this statute is remedial and accorded retroactive application unless a cause of action has vested.

Stallings also argues that the commencement period begins either on the date of registry in the mortgage office of acceptance of work by the owner or, if no such date is recorded within six months of occupancy, when the owner has taken possession of the improvement. In this case, Hilton signed the Certificate of Substantial Completion and formally accepted possession of the property on August 15, 2003. The certificate was subsequently filed in the Mortgage Records Office on November 19, 2003. Accordingly, under the Stallings entities' view, the peremptive period began no later than November 19, 2003.[2] Even though the exception to 9:2772 applies because the Plaintiffs' injury occurred in the fifth year of the peremptive period, the period for filing claims ended one year after the Plaintiffs' injury–on July 5, 2009. Therefore, Stallings argues that the Plaintiffs' and Hilton's claims fail as a matter of law.

In response, Hilton argues that the seven-year peremptive period applies because at the time the indemnity agreement was formed, 9:2772 provided for a seven-

---

[2] Although Stallings maintains that Hilton's and Plaintiffs' claims are perempted based on the date of filing the Certificate of Substantial Completion, it argues that the peremption period commenced even earlier when Stallings completed all the work on the floor on which Plaintiffs' room was located. Stallings' records show that work was completed on the eighth floor where Plaintiffs' injury occurred no later than July 17, 2001.

year period. Hilton hangs its hat on Ebinger v. Venus Construction Corp., 10-194 (La. App. 3 Cr. 10/6/10); 48 So. 3d 375,[3] which held that the right to indemnity must have vested when the homeowner possessed the work from which the later cause of action arose. According to Hilton, at the time of the alleged 2001 defective installation of the shower seat, the law provided for a seven-year peremptive period, which began to run when then Certificate of Substantial Completion was filed into the record in November 2003. Therefore, Hilton argues that it had until November 2010 to file claims against the Stallings entities.

Hilton also cites Ebinger for the principle that a five-year peremption period cannot be applied retroactively to a vested indemnity claim. It argues that once a party acquires a right to assert a cause of action prior to a change in the law, that right is a vested property right protected by the guarantee of due process.

Plaintiffs respond that the summary judgment is inappropriate at this time because genuine issues of material fact exist and because discovery related to these facts has not yet been conducted. Specifically, Plaintiffs argue that Stallings have failed to produce any additional documentation, other than the exhibits to its Motion, that support the various contractual relationships. Plaintiffs point to minor discrepancies in the Certificate of Substantial Completion to argue that the contents of the certificate are in dispute–for example, the contractor is noted to be Stallings Construction Company in one place and Stallings-Stuart in another; the date of filing is listed as November 19, 2003, but the date of receipt is stamped November 24, 2003. Additionally, Plaintiffs aver

---

[3] The Louisiana Supreme Court is scheduled to hear oral argument on the Ebinger case on May 10, 2011.

that the construction records attached are not authenticated, not self-explanatory, and are not supported by sworn testimony. Plaintiffs also point out that they have not had the opportunity to schedule corporate depositions and verify the contractual relationships among the Defendants.

Stallings responds to the Plaintiffs' arguments by explaining that the Stallings entities have stipulated that they entered into a contract with Hilton to perform construction services (and produced a copy of that contract via a discovery request). Moreover, Stallings insists that Plaintiffs do not raise a genuine issue of material fact by pointing to ambiguities in the contract nor do Plaintiffs raise any issue with respect to the timeliness of Plaintiffs' claims asserted against the Stallings entities.

Stallings also responds to Hilton's arguments. Stallings explains that the indemnity cause of action did not vest when the shower seat was installed–as Hilton maintains, but rather vested when Hilton had a right to sue, with damages being a required element. Stallings also takes issue with Hilton's admission that it took possession of the eighth floor in 2001 but claim that the peremptive period did not begin until the Certificate of Substantial Completion was filed in 2003. According to Stallings, Hilton's position directly contradicts the plain meaning of the relevant statute, which provides that no action shall be brought more than five years (or seven years in the previous version) after the owner has occupied or taken possession of the improvement.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

At issue is whether Hilton retains an indemnity cause of action against Stallings. Hilton and Stallings agree that construction on the eighth floor was completed in 2001 and that the Certificate of Substantial Completion was filed in 2003. Parties dispute which peremptive period under Louisiana Revised Statute 9:2772 applies. Under the current version of the statute, effective August 15, 2003, the peremptive period is five years. Prior to August 15, 2003, the peremptive period was seven years.

The Court concludes that Hilton's cause of action against Stallings vested at the time of the Sinnetts' injury in July of 2008. See In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2006 WL 3627749, at *5 (E.D. La. Dec. 8, 2006) ("A cause of action for property damages does not arise until damages are incurred. It is only at that point in time, the cause of action would be considered to have 'vested.'") Furthermore, the Court finds that, "[a] remedial statute [like 9:2772] is accorded retroactive application unless a cause of action has vested and thus a property right exists which is protected by the guarantee of due process." Id.

Accordingly, the 2003 version of 9:2772, which provides a five-year peremptive period for all claims against contractors applies. Under the statute, the five-year peremptive period commenced upon the filing of the Certificate of Substantial Completion in November of 2003. Because Plaintiffs' injury occurred in July of 2008, the

6

exception contained in 9:2772(C) applies–which allows actions to be brought one year after the date of injury if the injury occurred during the fifth year. Claims against Stallings were therefore extinguished in July of 2009. Because Hilton and Plaintiffs asserted claims against Stallings after this date (December 8, 2009 and January 12, 2011 respectively), their claims fail as a matter of law.

Even if the Court were to adopt the Ebinger reasoning as urged by Hilton, summary judgment in favor of Stallings would still be appropriate. Under Ebinger, the peremptive period would have begun when the construction was complete–which Hilton and Stallings agree was in 2001. Accordingly, the seven-year peremptive period in effect at the time under 9:2772 would have begun in 2001 and ended in 2008, before Hilton or Plaintiffs asserted claims against Stallings.

Accordingly, **IT IS ORDERED** that Stallings' **Motion for Summary Judgment (Rec. Doc. 94)** is hereby **GRANTED** and that Plaintiffs' and Hilton's claims asserted against Stallings fail as a matter of law.

New Orleans, Louisiana, this 2nd day of May, 2011.

_____
CARL J. BARBIER
U.S. DISTRICT COURT JUDGE